## HOLTZ v. CONNER.

No. 18013. Opinion Filed Feb. 21, 1928.

(Syllabus.)

1. **Animals—Owner Liable for Damages Caused by Trespassing Live Stock.**

In those counties in this state where live stock are restrained by law from running at large, the owner of live stock or domestic animals prohibited by law from running at large is liable for all damages done by such live stock while unlawfully running at large or trespassing upon the lands of another.

2. **Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed.**

In a law case, where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

Error from County Court, Pawnee County; L. N. Kimry, Judge.

Action by A. Conner against Harve Holtz. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles Besly, for plaintiff in error.

McCollum & McCollum, for defendant in error.

CLARK, J. The plaintiff in error was defendant below and the defendant in error was plaintiff below. For convenience, parties will be referred to as they appeared in the trial court.

Plaintiff began this action in the justice court of Pawnee county against the defendant by filing his bill of particulars, in which he alleged that plaintiff was the owner of about seven acres of corn of a reasonable value of $90 and pasture of the reasonable value of $7; that during the fall of 1923, defendant owned and had care and control of certain horses; that defendant permitted said horses to go in upon the corn crop of plaintiff and destroy the same, to the damage of the plaintiff in the sum of $97. The cause was tried in the justice court, resulting in judgment for the defendant; was appealed to the county court, tried to a jury; verdict for plaintiff in the sum of $97; the court rendered judgment thereon; defendant appealed to this court.

Defendant's petition in error presents nine assignments of error, which are presented in the brief of defendant, plaintiff in error, under three assignments:

(1) That the verdict of the jury is not sustained by the evidence.

(2) Errors of law occurring at the trial.

(3) The verdict is excessive.

Plaintiff in error quotes considerable testimony in his argument that the verdict of the jury is not sustained by the evidence and is contrary to the law. We have examined the record and the evidence submitted by plaintiff in error's brief. We find that the evidence amply supports the verdict of the jury and is sufficient to prove that the corn belonged to the plaintiff below; there was competent evidence that the same was destroyed by horses and mules and there was competent evidence proving the horses and mules belonged to and were in the custody of the plaintiff in error, defendant below.

The rule has been so often announced by this court that where there is any competent evidence reasonably tending to support the verdict and findings of the jury in a law case the same will not be disturbed on appeal that we do not deem it necessary to cite authorities supporting the same.

Defendant contends that there was no evidence of negligence on the part of defendant in the court below. Section 3928, C. O. S. 1921, provides that domestic animals should be restrained from running at large. The court in instruction No. 2 to the jury in this case stated the law as follows:

"You are instructed that in Pawnee county, Okla., all live stock are restrained by law from running at large, and the owner of any live stock or domestic animal prohibited by law from running at large, prohibited by police regulation from running at large, shall be liable for all damages done thereby while wrongfully running at large or upon the public highway, or upon the lands of another, which damages may be recovered by action at law."

This instruction given by the court fairly states the law and was not excepted to by defendant. We have carefully examined the evidence in this case and the instructions of the court, and we must conclude that the instructions of the court fairly stated the law on the issues joined, and that the verdict of the jury is supported by ample evidence and is not excessive.

Finding no error, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 3 C.J. p. 144, §450: 1 R. C. L. p. 1145. (2) 4 C. J. p. 853, §2834.